UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GILTNER LOGISTICS SERVICES, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>SYNY LOGISTICS INC., an Illinois corporation,<br><br>Defendant. | Case No. 1:18-cv-00305-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff Giltner Logistics Services Inc.'s Motion for Attorney Fees (Dkt. 10). Plaintiff seeks attorney fees pursuant to a contract with the Defendant, or alternatively under Idaho Code §§ 12-120 (1) & (3). Defendant has not responded to Plaintiff's motion. After reviewing Plaintiff's brief and the record in this case, the Court will grant Plaintiff's request, and will award Plaintiff attorneys' fees in the amount of $2,428.50.

## ANALYSIS

The longstanding rule in Idaho is that attorneys' fees may be awarded if authorized by either contract or statute. *Stibal v. Fano*, 337 P.3d 587, 594 (2014) (citing *Hellar v. Cenarrusa*, 682 P.2d 524, 531 (1984)). Here, an award of fees is authorized by

both. The relevant contract between the parties provides that the party prevailing in a claim against the "Carrier," here Defendant SYNY, "shall be entitled to recover from Carrier its costs and attorney fees incurred in pursuing such action." Dkt. 10 at 2. Indeed, under Idaho Code Section 12-120(3), an award of fees is mandatory where, as here, the dispute is over the "sale of goods…in any commercial transaction." *Id.* at 4; *See Merrill v. Gibson*, 139 Idaho 840, 845, 87 P.3d 949, 954 (2004) ("The language of I.C. § 12-120(3) is mandatory and requires a trial court to award attorney fees to the prevailing party."). Accordingly, Plaintiff is entitled to an award of reasonable fees and costs.

"The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). In determining a reasonable hourly rate, the court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), as well as "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996).

In this case, SYNY has not filed a response to Plaintiff's motion for attorney fees. And, after reviewing counsel's supporting declaration, the Court sees no reason to adjust the lodestar figure. Giltner has been represented at all times by Wright Brothers Law Office, PLLC in the proceedings before the Court. The two Wright Brothers lawyers

charged reasonable rates of $165 and $245 per hour. Dkt. 10-3 at 1-5. The Court has previously approved comparable rates for lawyers with similar qualifications and experience in the region. *See, e.g., Asset Vision, LLC v. Fielding*, Case No. 4:13-cv-00288-BLW (D. Idaho Dec. 16, 2014) (Winmill, J.) (finding reasonable rates for partners of $245-$280 per hour and associate rates of $190-$200 per hour). In addition, the Court finds that the number of hours expended by the various timekeepers was reasonable. Thus, the Court will award Plaintiff attorneys' fees in the amount of $2,428.50.

## ORDER

**IT IS HEREBY ORDERED:**

1) Plaintiff's Motion for Attorney Fees (Dkt. 10) is **GRANTED** in the amount of $2,428.50.

DATED: April 4, 2019

B. Lynn Winmill
U.S. District Court Judge